**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

LPL FINANCIAL LLC,

          Petitioner,

v.

EILEEN LAW CURE,

          Respondent.

Case No. 4:26-cv-02120

**RESPONDENT'S RESPONSE TO PETITION TO CONFIRM ARBITRATION AWARD
AND MOTION TO VACATE, MODIFY, OR CORRECT THE ATTORNEY-FEE
PORTION OF AWARD**

**I. INTRODUCTION**

Simply stated, this proceeding concerns an award entered by a FINRA arbitration panel in favor of Petitioner LPL Financial LLC ("LPL"). The difficulty of the award results, however, from the fact that although the panel awarded LPL approximately $122,574.08 in compensatory damages, the same panel awarded LPL $640,305.90 in attorney's fees—an amount exceeding five times the principal damages awarded (**Exhibit A**) in a case for which there was no opposition to LPL's case beyond the filing of an answer. Respondent fully recognizes that judicial review of arbitration awards under the Federal Arbitration Act ("FAA") is extraordinarily limited and that this Court is not authorized to revisit factual findings, credibility determinations, evidentiary rulings, or alleged legal errors merely because a losing party disagrees with the outcome. Nor does Respondent ask the Court to reconsider the merits of the underlying arbitration.

This motion instead presents a far narrower issue.

-1-

The attorney-fee award as set forth in Exhibit A expressly states that it was entered pursuant to four authorities: (1) the Promissory Notes; (2) the Representative Agreement; (3) California Civil Code § 1707(a); and (4) FINRA Rule 13212. The Award further states that the attorney-fee award "includes and supersedes" a prior sanctions award entered by the panel (said sanctions having been awarded entirely because the attorney who had filed an answer for Respondent was no longer participating in the case, but at the same time did not withdraw or notify her client thereby committing malpractice). The difficulty is that the panel specifically held Respondent liable for attorney's fees using several "conjunctive" rules and laws, and specifically stated that the award of attorney fee was ordered "pursuant to the terms of the Promissory Notes, the Representative Agreement, CAL CIV Code §1707(a) and FINRA Rule 13212." (**See Exhibit A,  ¶** 4). It cannot be ignored that the conjunctive "and" denotes that all the above formed the basis for the award of attorney's fees by the panel, but it is a fact that California Civil Code § 1707(a) does not exist.

The Court is therefore confronted with an award that expressly relies upon a nonexistent statutory authority while simultaneously combining contractual attorney's fees and sanctions into a single undifferentiated award without allocation or explanation.

 Respondent submits that the attorney-fee award cannot be meaningfully evaluated as written because the Court cannot determine:

- whether the nonexistent statutory authority played a material role in the panel's decision;
- whether the panel intended to rely upon a different statute;
- whether the attorney-fee award rests upon contractual authority, sanctions authority, or both;
- what portion of the award represents sanctions;
- what portion represents contractual fees; or
- whether the same award would have been entered absent reliance upon the cited statutory authority.

The Award provides no answers to these questions.

As a result, confirmation of the attorney-fee award would require the Court to speculate regarding the panel's reasoning and reconstruct a legal basis for the award that the panel itself did not articulate.

Respondent therefore seeks vacatur of the attorney-fee portion of the Award pursuant to 9 U.S.C. § 10(a)(4). Alternatively, Respondent requests modification or correction under 9 U.S.C. § 11 or, at minimum, a limited remand for clarification concerning the legal basis supporting the fee award.

## II. BACKGROUND

### A. The Underlying Arbitration

LPL commenced FINRA arbitration proceedings against Respondent arising from promissory notes and related contractual obligations.

Respondent appeared through counsel who filed an answer contesting LPL's claims.

The record reflects, however, that Respondent's participation in the arbitration effectively ceased long before entry of the final Award when on or about March 5, 2025, Respondent's counsel submitted correspondence to the arbitration panel explaining that she had been absent from her law practice for an extended period due to a family emergency (**Exhibit B**). Counsel further advised the panel that she had recently returned to Texas and was attempting to secure replacement counsel to assume responsibility for the arbitration.

The correspondence indicated that substitute counsel was expected to appear. However, no substitute counsel ever appeared.

From that point forward, Respondent's counsel effectively ceased participating in the arbitration proceedings.

Respondent believed she remained represented throughout the arbitration and did not understand that the proceedings had effectively become uncontested.

Accordingly, although an Answer had initially been filed, the arbitration ultimately proceeded in a manner functionally similar to a default proceeding. The panel heard only one side of the dispute, received extensive submissions from LPL, and ultimately entered an Award that included attorney's fees far exceeding the damages awarded.

## B. The Sanctions Proceedings

During July 2025,  LPL sought sanctions against Respondent for what was effectively Counsel's failure to engage in the arbitration process. The panel ultimately granted sanctions relief including $15,000 in attorney's fees (**Exhibit C**).

The Award specifically references this prior sanctions order and states that the final attorney-fee award "includes and supersedes" the sanctions award. The significance of this language cannot be overstated.

The panel did not enter a separate sanctions judgment in addition to contractual attorney's fees. Instead, the panel expressly incorporated sanctions into the final fee award while providing no explanation regarding how the sanctions amount was treated.

The Award does not disclose:

- whether the sanctions amount was merely included within the fee award;
- whether the sanctions amount was enhanced;
- whether sanctions-related work increased the overall fee award;
- whether sanctions and contractual fees were separately analyzed; or
- whether sanctions influenced the panel's calculation of recoverable fees.

These omissions become critical because the Award later combines sanctions authority and contractual fee authority into a single undifferentiated award.

**C. LPL's Fee Request**

LPL sought attorney's fees substantially exceeding the damages ultimately awarded. The record reflects that LPL requested attorney's fees in excess of $2 million.

The panel did not award the full amount requested. Instead, the panel awarded $640,305.90.

In acknowledging that LPL was seeking excessive fees, the Panel denied LPL's request for $1.4 million by concluding that it "failed to meet  its burden of proof regarding the reasonableness of the request" (**Exhibit A**, Findings 6 and 7).  The panel did grant some fees, but Respondent contends that the contorted explanation of those fees results in a basis to vacate the Award and deny confirmation, and in the alternative to remand the case for rehearing on fees.

**III.    LEGAL STANDARD**

The Federal Arbitration Act provides the exclusive grounds upon which a federal court may vacate, modify, or correct an arbitration award. *See* 9 U.S.C. §§ 10–11.

Judicial review of arbitration awards is extremely limited, and courts may not vacate an award merely because they disagree with an arbitrator's factual findings or legal conclusions.

Respondent does not seek review of the merits of the arbitration award and does not contend that ordinary legal error justifies vacatur.

Rather, Respondent seeks relief under the limited authority provided by 9 U.S.C. §§ 10 and 11 because the attorney-fee award expressly relies upon a nonexistent statutory authority, merges contractual attorney's fees and sanctions into a single undifferentiated award, and provides no explanation permitting the Court to determine the legal basis supporting the amount awarded.

The issue presented is therefore not whether the panel correctly interpreted California law. The issue is whether the attorney-fee award can be confirmed as written when the Award

itself leaves unresolved fundamental questions regarding the authority supporting the relief granted.

## IV. THE AWARD

The Award entered by the panel grants LPL virtually every category of relief it sought. Specifically, the panel awarded compensatory damages of $122,574.08, pre-award interest of $45,324.73, post-award interest at the rate of nine percent per annum, attorney's fees of $640,305.90, and FINRA forum fees.

The attorney-fee component of the Award presents the central issue before the Court. Unlike the compensatory damages and interest awards, which identify a clear basis and amount, the attorney-fee award relies upon multiple sources of authority and combines multiple forms of relief into a single undifferentiated figure.

The Award expressly states that Respondent shall pay LPL attorney's fees in the amount of $640,305.90 "pursuant to the terms of the Promissory Notes, the Representative Agreement, CAL. CIV. CODE § 1707(a), *and* FINRA Rule 13212." (emphasis added). The Award further provides that the attorney-fee award "includes and supersedes" the $15,000 sanctions award previously entered by the panel.

Thus, the panel did not identify a single source of authority supporting the award. Instead, the panel expressly relied upon four separate authorities consisting of two contractual provisions, a purported California statutory provision, and FINRA's sanctions rule. The Award provides no explanation regarding the significance of any of those authorities or the role each played in the panel's ultimate determination.

Significantly, the Award states that the Panel relied upon California Civil Code § 1707(a), because that section does not even exist. The Award contains no findings regarding whether "California Civil Code § 1707(a)" served as an independent basis for recovery, whether

it merely supplemented the contractual fee provisions, whether it influenced the amount awarded, or whether the panel would have reached the same result in its absence. The Court is therefore left to speculate regarding the significance of a statutory citation that, on its face, does not correspond to an existing provision of the California Civil Code.

Likewise, the Award provides no explanation concerning the role of FINRA Rule 13212. The Award does not identify whether the Rule 13212 sanctions were merely incorporated into the final attorney-fee figure, whether sanctions-related work increased the amount awarded, whether the sanctions award was enhanced as part of the final calculation, or whether the panel separately evaluated contractual attorney's fees and sanctions before merging them into a single award.

The panel's decision to award substantially less than the amount requested demonstrates that the panel exercised independent judgment regarding amount. LPL sought attorney's fees in excess of $2 million, yet allowed recovery of $640,305.90. The reduction demonstrates that the panel rejected a substantial portion of LPL's request. However, that fact makes the absence of any explanation more significant rather than less. The Court knows that the panel rejected a substantial portion of the fees sought, but the Award provides no indication regarding what categories of fees were rejected, what categories were accepted, or what role the cited authorities played in the final calculation.

The Award contains no findings concerning segregation of recoverable and nonrecoverable fees, allocation among claims, sanctions-related fees, discovery-related fees, counterclaim defense fees, appellate fees, fees incurred in related proceedings, or any other category of attorney time. Nor does the Award identify whether particular categories of fees were excluded from the final amount awarded.

These omissions are not merely academic. They prevent the Court from determining the legal basis supporting the attorney-fee award and form the foundation of Respondent's request for vacatur, modification, correction, or remand for clarification.

Notably, LPL's Proposed Award contained the same legal authorities later adopted by the panel, including California Civil Code §1707(a). (**Exhibit D**).

## V.    THE ATTORNEY-FEE AWARD CANNOT BE CONFIRMED AS WRITTEN BECAUSE IT EXPRESSLY RELIES UPON A NONEXISTENT STATUTORY AUTHORITY

The award expressly identifies California Civil Code §1707(a) as one of only four authorities supporting the fee award. No such statute exists.

This is not a challenge to the correctness of the panel's legal reasoning. It is a challenge to an award that expressly identifies a nonexistent legal authority as a basis for relief.

The significance of the error cannot be dismissed as a mere typographical defect or harmless citation error. The citation appears in the Award itself as one of only four expressly identified authorities supporting the attorney-fee award. The panel did not simply reference California law generally. Rather, the panel specifically identified California Civil Code § 1707(a) as one of the legal authorities supporting an award of $640,305.90 in attorney's fees.

Nor is this a circumstance in which the Court can confidently determine what the panel intended to cite. The Award contains no explanation. The Court cannot know whether the panel intended to reference a different provision of the California Civil Code, whether the panel intended to rely upon a separate statutory scheme entirely, or whether the panel mistakenly believed that California Civil Code § 1707(a) existed. Any conclusion regarding the panel's intent would necessarily be speculative because the Award itself provides no answer.

The Court likewise cannot determine whether the citation was material to the amount awarded. The Award does not identify whether California Civil Code § 1707(a) provided an independent basis for recovery, whether it supplemented the contractual fee provisions, whether it influenced the amount awarded, or whether it was entirely immaterial to the panel's decision. Because the Award contains no explanation, the Court has no means of separating valid authority from invalid authority.

That distinction matters. Had the panel identified only the Promissory Notes and Representative Agreement as authority for the fee award, the Court would be presented with a fundamentally different award. Likewise, had the panel separately awarded sanctions under FINRA Rule 13212 and separately awarded contractual attorney's fees, the Court could evaluate those awards independently. Instead, the panel merged multiple sources of authority into a single attorney-fee award and left the Court to determine after the fact whether the nonexistent statutory authority played any role in the result.

The problem is therefore not merely that the citation is incorrect. The problem is that the Court cannot determine the significance of the citation. It may have been immaterial. It may have been partially material. It may have been central to the panel's reasoning. The Award provides no answer, and the Court cannot supply one through speculation.

Nor can the Court simply assume that the panel would have reached the same result absent the citation. The panel awarded approximately $640,305.90 in attorney's fees despite reducing LPL's fee request by more than one million dollars. The Award therefore reflects a discretionary determination regarding amount. Yet the Award provides no indication regarding what factors influenced that determination or what role the cited authorities played in the panel's

analysis. The Court cannot know whether the panel would have awarded the same amount had the nonexistent statutory authority never been presented.

The unusual nature of the Award becomes even more apparent when viewed in context. The attorney-fee award is not a minor ancillary component of the panel's decision. The fee award exceeds five times the compensatory damages awarded to LPL and represents the single largest component of the Award. Under these circumstances, the Court cannot simply disregard one of the four authorities expressly identified by the panel as supporting that relief.

The Court should therefore hesitate before treating the citation as meaningless when the panel itself treated it as significant enough to include among the authorities supporting the relief granted.

The resulting uncertainty prevents meaningful review and warrants vacatur, modification, correction, or, at minimum, clarification of the legal basis supporting the award.

## VI. THE PANEL IMPROPERLY MERGED CONTRACTUAL ATTORNEY'S FEES AND FINRA SANCTIONS INTO A SINGLE UNEXPLAINED AWARD MAKING IT IMPOSSIBLE FOR THE COURT TO DETERMINE IF THE AWARD IS VALID ACCORDING TO CONTRACT

The award states that the attorney fee award includes and supersedes the prior $15,000 sanctions award. Contractual attorney's fees and FINRA Rule 13212 sanctions arise from different sources of authority and serve different purposes.

FINRA Rule 13212 "Sanctions" permits a panel to sanction a party for failure to comply with any provision of the FINRA arbitration Code or any order of the panel or single arbitrator authorized to act on behalf of the panel. This includes, among other sanctions, assessing monetary penalties as the panel did in this case.

That distinction is critical because the Award expressly invokes both authorities while providing no explanation regarding how each authority contributed to the final amount awarded.

Contractual attorney's fees and sanctions are not interchangeable concepts. Contractual attorney's fees arise from the parties' agreements and are generally intended to compensate a prevailing party for recoverable legal expenses. Sanctions, by contrast, arise from alleged litigation misconduct, procedural noncompliance, or violations of arbitration rules and are intended to punish misconduct, deter future violations, and protect the integrity of the arbitral process.

The Award nevertheless merges these distinct concepts into a single figure. Rather than separately identifying contractual attorney's fees and sanctions, the panel awarded a single amount of $640,305.90 and stated only that the award was entered pursuant to the contractual provisions, California Civil Code §1707(a), and FINRA Rule 13212 and that it "includes and supersedes" the prior sanctions award.

The practical effect is that the Court cannot determine where one form of relief ends and another begins.

The Award does not identify whether the $15,000 sanctions award was simply incorporated into the final attorney-fee award. The Award does not identify whether sanctions-related work increased the amount awarded. The Award does not identify whether the sanctions order influenced the panel's view of the overall fee request. Nor does the Award identify whether the panel separately evaluated contractual fees and sanctions before combining them into a single award.

Those omissions matter because the Court is presented with a fee award exceeding five times the compensatory damages awarded in the case. The Court therefore cannot determine whether the amount awarded reflects compensation for legal services, sanctions for alleged misconduct, or some combination of both.

-11-

The uncertainty is magnified by the panel's use of the phrase "includes and supersedes." The Award does not explain what that phrase means. The phrase could mean that the sanctions award was merely absorbed into the final attorney-fee award. It could mean that the sanctions award was reconsidered and increased. It could mean that sanctions-related work was included as part of the attorney-fee calculation. It could mean something else entirely. The Award provides no explanation.

As a result, the Court is left to speculate regarding the relationship between the sanctions order and the final attorney-fee award. Such speculation is particularly problematic where the panel expressly cited both contractual authority and sanctions authority as bases for the same award.

The issue is not whether the panel possessed authority to impose sanctions. The issue is whether the Court can determine from the face of the Award how the sanctions authority was utilized and what effect it had on the amount ultimately awarded. The Award provides no answer.

For that reason, the Court cannot determine whether the attorney-fee award represents a purely compensatory award, a partially punitive award, or a blended award resting upon multiple sources of authority. That uncertainty independently supports vacatur, modification, correction, or clarification of the attorney-fee portion of the Award.

The award does not identify:

- what portion constitutes fees;
- what portion constitutes sanctions;
- whether sanctions were enhanced;
- whether sanctions influenced the fee calculation;
- whether sanctions-related work was included.

The Court therefore cannot determine what authority supports the amount awarded and whether the award is permitted by law and rule, and which law or rule supports the award.

The uncertainty becomes particularly important because the panel cited multiple sources of authority supporting the fee award. The Award references the Promissory Notes, the Representative Agreement, California Civil Code § 1707(a), and FINRA Rule 13212. Yet the Award contains no findings identifying which portions of the attorney-fee award were attributable to which source of authority.

For example, the Court cannot determine whether fees incurred enforcing the Promissory Notes were awarded pursuant to the contractual fee provisions while sanctions-related fees were awarded pursuant to FINRA Rule 13212. Likewise, the Court cannot determine whether fees associated with discovery disputes, motion practice, counterclaim defense, or related proceedings were included within the award or excluded from it. The Award simply provides no guidance.

Nor does the Award permit the Court to determine whether the panel believed certain categories of work were recoverable under the contracts but not under the cited statutory authority, or vice versa. Because the Award contains no allocation, the Court cannot separate recoverable categories from nonrecoverable categories or contractual fees from sanctions-related fees.

Respondent does not contend that arbitrators are required to issue detailed findings in every case. The problem here is not the absence of exhaustive findings. The problem is that the panel relied upon multiple legal authorities, expressly incorporated sanctions into the attorney-fee award, cited a statutory provision that does not exist, and awarded a single undifferentiated amount without identifying what categories of fees were included in that figure.

The Court is therefore unable to determine whether the award falls entirely within the scope of the contractual fee provisions identified by the panel or whether portions of the award rest upon other sources of authority. The Court likewise cannot determine whether the same amount would have been awarded absent one or more of the authorities expressly cited in the Award.

That uncertainty is particularly significant where the attorney-fee award exceeds five times the compensatory damages awarded and represents the largest component of the Award. Under these circumstances, the absence of allocation prevents meaningful review of the legal basis supporting the amount awarded and further supports vacatur, modification, correction, or remand for clarification.

## VII. THE PANEL ADOPTED CLAIMANT'S ERRONEOUS LEGAL AUTHORITIES

The proposed award submitted by LPL contained the same legal authorities ultimately incorporated into the final Award, including the citation to California Civil Code § 1707(a). The panel thereafter adopted those same authorities when issuing the Award.

The Court cannot simply assume that the citation to California Civil Code § 1707(a) was an inconsequential drafting error. The citation did not appear for the first time in the final Award. Rather, it appeared in the proposed award submitted by LPL and was subsequently incorporated into the Award itself. The challenged citation therefore became part of the legal framework expressly identified by the panel as supporting the attorney-fee award.

At the same time, the record demonstrates that the panel exercised independent judgment regarding the amount awarded. LPL sought attorney's fees exceeding $2 million, yet recovered only $640,305.90. The panel therefore rejected a substantial portion of LPL's request and arrived at its own determination regarding amount.

That exercise of independent judgment cuts both ways. On the one hand, it demonstrates that the panel did not simply sign LPL's proposed award without review. On the other hand, it makes the panel's adoption of the challenged legal authorities more significant. Having exercised discretion regarding the amount awarded, the panel nevertheless chose to adopt the same legal authorities identified by LPL, including the citation to California Civil Code § 1707(a).

The resulting Award leaves the Court with an unresolved question. If the panel independently evaluated the fee request and substantially reduced the amount sought, what role did the cited authorities play in the panel's ultimate determination? The Award provides no answer. The Court cannot determine whether the citation to California Civil Code § 1707(a) was immaterial, partially material, or central to the panel's analysis.

Nor can the Court determine whether the panel independently concluded that the cited authority supported the fee award or whether the citation was carried forward from LPL's proposed award without further examination. The Award contains no explanation permitting the Court to make that determination.

The significance of this issue is heightened by the fact that the attorney-fee award is the largest component of the Award and exceeds five times the compensatory damages awarded to LPL. Under these circumstances, the Court should be reluctant to dismiss one of the expressly cited legal authorities as meaningless when the panel itself identified that authority as part of the basis supporting the relief granted.

Respondent does not ask the Court to speculate regarding what the panel intended. To the contrary, Respondent's position is that the Court cannot know what the panel intended because the Award provides no explanation. The panel's adoption of LPL's erroneous legal authorities

-15-

therefore contributes to the uncertainty surrounding the legal basis for the attorney-fee award and further supports vacatur, modification, correction, or remand for clarification.

## VIII.   ALTERNATIVELY, THE AWARD SHOULD BE MODIFIED OR CORRECTED UNDER FAA §11

If the Court concludes that vacatur is unavailable under 9 U.S.C. § 10(a)(4), alternative relief remains appropriate.

The attorney-fee award expressly identifies California Civil Code § 1707(a) as one of the authorities supporting the award. As discussed above, no such statutory provision exists. The error appears on the face of the Award itself. The Award further combines contractual attorney's fees, sanctions authority, and a purported statutory basis into a single undifferentiated award while providing no allocation or explanation concerning the relationship among those authorities.

Respondent recognizes that modification under § 11 is likewise a narrow remedy. Nevertheless, the circumstances presented here are unusual. The Court is not confronted with a simple disagreement concerning the panel's legal conclusions. Rather, the Court is presented with an Award that expressly relies upon a nonexistent statutory authority and leaves unresolved fundamental questions concerning the basis of the attorney-fee award.

At minimum, the Court should decline to confirm the attorney-fee award without clarification regarding the legal basis supporting the relief granted. Clarification would not require reconsideration of the merits of the arbitration. Nor would clarification require the panel to revisit liability, damages, or any substantive issue previously decided. Instead, clarification would simply permit the panel to explain the basis of an award that, on its face, leaves the Court unable to determine the significance of one of the authorities expressly cited in support of the award.

Clarification is particularly appropriate because the uncertainty arises from the Award itself. The Court cannot determine whether California Civil Code § 1707(a) was intended to reference another statute, whether the citation was material to the amount awarded, whether the panel would have reached the same result absent that citation, or whether the cited authority played any role in the panel's analysis. The Award simply does not say.

Likewise, the Court cannot determine the relationship between the attorney-fee award and the prior sanctions award. The Award states only that the attorney-fee award "includes and supersedes" the sanctions award, but provides no explanation concerning how the sanctions award was incorporated into the final amount awarded. As discussed above, the Court cannot determine what portion of the $640,305.90 constitutes contractual attorney's fees, what portion constitutes sanctions, or whether sanctions-related considerations influenced the amount ultimately awarded.

Nor can the Court determine how the panel arrived at the final figure. LPL sought attorney's fees exceeding $2 million. The panel awarded approximately $640,305.90. The Award reflects that the panel exercised discretion regarding amount, yet the Award provides no explanation concerning what categories of fees were accepted, what categories were rejected, or how the panel calculated the amount awarded.

Under these circumstances, the least intrusive remedy is clarification. A limited remand would preserve the finality of arbitration while permitting the panel to explain the legal basis supporting the attorney-fee award. Such relief would not require the Court to speculate regarding the panel's reasoning, rewrite the Award, or assume the significance of authorities expressly cited by the panel.

Accordingly, if the Court declines to vacate the attorney-fee portion of the Award, Respondent respectfully requests that the Court modify or correct the Award to the extent permitted by 9 U.S.C. § 11 or, alternatively, remand the attorney-fee issue for clarification regarding:

- the legal authority supporting the attorney-fee award;
- the significance of the citation to California Civil Code § 1707(a);
- whether another statutory provision was intended;
- the relationship between the attorney-fee award and the prior sanctions award;
- the extent to which sanctions influenced the final award; and
- the basis for the amount ultimately awarded.

## IX. CONCLUSION

This motion does not ask the Court to revisit the merits of the arbitration, reweigh the evidence, or substitute its judgment for that of the arbitration panel. Respondent fully recognizes the narrow scope of review permitted under the Federal Arbitration Act.

The issue presented is considerably narrower. The attorney-fee award expressly relies upon California Civil Code § 1707(a), a statutory provision that does not exist. The Award further merges contractual attorney's fees and FINRA sanctions into a single undifferentiated award and provides no allocation permitting the Court to determine what portion of the award rests upon what source of authority.

The panel awarded approximately $640,305.90 in attorney's fees after reducing LPL's request by more than one million dollars. Yet the Award contains no explanation regarding how the panel arrived at that figure, what categories of fees were included, what categories were excluded, what role the cited authorities played in the panel's analysis, or whether the same amount would have been awarded absent the authorities now challenged by Respondent.

As a result, the Court cannot determine from the face of the Award whether the attorney-fee award rests upon contractual authority, sanctions authority, a nonexistent statutory authority, or some combination of those grounds. Confirmation of the Award as written would therefore require the Court to speculate regarding the panel's reasoning and reconstruct a legal basis for the award that the panel itself did not articulate.

For the foregoing reasons, Respondent Eileen Law Cure respectfully requests that the Court:

1. Deny confirmation of the attorney-fee portion of the FINRA Arbitration Award;
2. Vacate the attorney-fee portion of the Award pursuant to 9 U.S.C. § 10(a)(4);
3. Alternatively modify or correct the Award pursuant to 9 U.S.C. § 11;
4. Alternatively remand the attorney-fee issue to the arbitration panel for clarification regarding:

   a. the legal authority supporting the attorney-fee award;

   b. the significance of the citation to California Civil Code § 1707(a);

   c. the relationship between the attorney-fee award and the prior sanctions award;

   d. the extent to which sanctions influenced the amount awarded; and

   e. the basis for the amount ultimately awarded;

5. Award Respondent her costs incurred herein; and
6. Grant such other and further relief as the Court deems just and proper.

-19-

Respectfully submitted:


 /s/ Seth I. Rubinson
_____

Seth Rubinson
Texas Bar. No. 24053908
Fed. No. 1132634
5701 Woodway Drive, Ste. 330
Houston, TX 77057
(832) 271-2385 Phone
(832) 448-2885 Facsimile
srubinson@rubinsonlaw.com

***Attorney for Respondent Eileen Law Cure***


## CERTIFICATE OF SERVICE

I certify that on June 8, 2026, I caused a copy of the foregoing document to be served by

the Electronic Case Filing System for the United States District Court for the Southern District of

Texas.


/s/ Seth I. Rubinson
_____

-20-

# EXHIBIT A

**Award**
**FINRA Dispute Resolution Services**

In the Matter of the Arbitration Between:

Claimant
LPL Financial LLC

Case Number: 23-03292

vs.

Respondent
Eileen Cure

Hearing Site: Houston, Texas

Awards are rendered by independent arbitrators who are chosen by the parties to issue final, binding decisions. FINRA makes available an arbitration forum—pursuant to rules approved by the SEC—but has no part in deciding the award.

Nature of the Dispute: Member vs. Associated Person

## REPRESENTATION OF PARTIES

For Claimant LPL Financial LLC ("Claimant"): Ellen Sessions, Esq. and Ronald D. Smith, Esq., Norton Rose Fulbright US LLP, Dallas, Texas and Todd Batson, Esq., Norton Rose Fulbright US LLP, Houston, Texas.

For Respondent Eileen Law Cure ("Respondent"): Ellyn J. Clevenger, Esq., Galveston, Texas.

## CASE INFORMATION

Statement of Claim filed on or about: November 14, 2023.
Statement of Answer to Counterclaim filed on or about: February 6, 2024.
Claimant signed the Submission Agreement: November 14, 2023.

Statement of Answer and Counterclaim filed on or about: January 17, 2024.
Respondent did not sign the Submission Agreement.

## CASE SUMMARY

In the Statement of Claim, Claimant asserted a cause of action for breach of promissory notes. The cause of action related to Claimant's allegation that Respondent entered into a Representative Agreement and two promissory notes dated December 18, 2018, and July 30, 2019 ("Promissory Notes"), and when Respondent's employment with Claimant ended, the balance under the Promissory Notes immediately became due and payable.

Unless specifically admitted in the Statement of Answer and Counterclaim, Respondent denied the allegations made in the Statement of Claim and asserted various affirmative defenses. In the Counterclaim, Respondent asserted the following causes of action: tortious interference with

contractual relationships, existing and prospective; defamation; false light; and breach of contract. The causes of action related to Claimant's termination of its relationship with Respondent.

Unless specifically admitted in the Statement of Answer to Counterclaim, Claimant denied the allegations made in the Counterclaim and asserted various affirmative defenses.

## RELIEF REQUESTED

In the Statement of Claim, Claimant requested the outstanding principal balance due under the Promissory Notes, in the total amount of $122,574.00; interest accruing at the default rate of nine percent (9%) per annum; the costs of collection and of this proceeding including attorneys' fees, as voluntarily agreed to under the terms of the Promissory Notes; and any other relief that the Panel deems just and equitable.

In the Statement of Answer and Counterclaim, Respondent requested loss of income incurred as a direct result of Claimant's actions, to date and in the future; damages for injury to Respondent's reputation; general damages; special damages; compensatory damages; punitive damages; expungement of the Form U5 filed by Claimant; reasonable and necessary attorneys' fees; costs; pre- and post-judgment interest; and any and all other legal and equitable relief to which Respondent may be deemed entitled.

In the Statement of Answer to Counterclaim, Claimant requested that the Panel dismiss the Counterclaim in its entirety and reasonable attorneys' fees as the prevailing party in this proceeding subject to its written agreements with Respondent and to the extent such recovery may also be permitted under relevant law.

At the hearing, Claimant requested compensatory damages in the amount of $122,574.08; interest in the amount of $48,661.91; post-award interest at the rate of 9% per annum; attorneys' fees in the amount of $2,040,211.01; and assessment of all FINRA hearing fees against Respondent.

## OTHER ISSUES CONSIDERED AND DECIDED

The Arbitrators acknowledge that they have each read the pleadings and other materials filed by the parties.

Respondent did not file a properly executed Submission Agreement but is required to submit to arbitration pursuant to the Code of Arbitration Procedure ("Code") and, having answered the claim, is bound by the determination of the Panel on all issues submitted.

On May 29, 2025, Claimant filed a Motion to Compel Discovery, Motion for Sanctions, and Motion for Earlier Hearing Date ("First Motion for Sanctions"), to which no response was filed. On June 20, 2025, the Panel heard oral argument on the First Motion for Sanctions. In an Order dated July 9, 2025, the Panel granted the First Motion for Sanctions, in part, sanctioning Respondent and awarding Claimant $15,000.00 in reasonable attorneys' fees and costs associated with Respondent's material and intentional failures to comply with Rules 13505 and 13507 of the Code. Pursuant to the Order, if Respondent failed to pay the awarded sanction amount within 60 days of the date of the Order, interest would accrue at the rate of 7.50% per

FINRA Dispute Resolution Services
Arbitration No.  23-03292
Award Page 3 of 6

annum until paid. The Panel warned Respondent that failure to comply with this Order, or continued failure to engage in the arbitration process, may result in the Panel issuing an Order dismissing with prejudice Respondent's Counterclaims, as authorized by Rule 13212(c) of the Code.

On July 23, 2025, Claimant filed a Second Motion for Sanctions, to which no response was filed. On October 28, 2025, the Panel heard oral argument on the Second Motion for Sanctions. In an Order dated November 17, 2025, the Panel dismissed Respondent's Counterclaim with prejudice pursuant to Rule 13212(c); precluded Respondent from presenting evidence at the final hearing pursuant to Rule 13212(a) other than that evidence which was produced during the underlying federal case; abated Claimant's request for additional sanctions until the final hearing is concluded; and ordered that the final hearing would be conducted via Zoom.

Respondent did not appear at the evidentiary hearing. Upon review of the file, the Panel determined that Respondent received due notice of the hearing and that arbitration of the matter would proceed without Respondent present, in accordance with the Code.

### FINDINGS

After considering the pleadings, the testimony and evidence presented at the hearing, the evidence and post-hearing submissions, the Panel made the following findings:

1.  Respondent had Promissory Note agreements with Claimant.

2.  Respondent failed to repay the Promissory Notes and is wholly in breach of those Promissory Notes in the amount of $122,574.00.

3.  Claimant is entitled to repayment of the balance of the contracts, pre-judgment interest, post- judgment interest, and reasonable and necessary legal fees.

4.  Claimant commenced this arbitration on November 14, 2023, and the first IPHC was held on April 11, 2024.

5.  In reaching its decision regarding the award of attorneys' fees, the Panel considered the testimony and other evidence presented by Claimant, Claimant's post-award submission, the legal basis for Claimant's request, and the procedural history and record of this arbitration.

6.  Claimant's request for attorneys' fees for the period identified as "Fees and Costs Before Mediation (pre-November 6, 2023)" is **DENIED**. Claimant failed to meet their burden of proof regarding the reasonableness of this request.

7.  Claimant's request for attorneys' fees in the period identified as "Fees and Costs for Mediation and Period Before Cure Filed Counterclaims with FINRA (November 6, 2023 – January 16, 2024)" is **DENIED**.  Claimant failed to meet their burden of proof regarding the reasonableness of this request.

FINRA Dispute Resolution Services
Arbitration No.  23-03292
<u>Award Page 4 of 6</u>

8.  Claimant's request for attorneys' fees in the period identified as "Fees and Costs Between Cure's filing Counterclaims with FINRA and Fifth Circuit Decision (January 17, 2024 – September 30, 2024)" is **GRANTED**.  The reasonableness of this request was supported by the testimony and other evidence presented by Claimant, Claimant's post-award submission, the legal basis for Claimant's request, and the procedural history and record of this arbitration. Claimant is awarded the amount of $273,721.40 in fees for this request.

9.  Claimant's request for attorneys' fees in the period identified as "Fees and Costs After Fifth Circuit's Decision Through 20-Day Disclosures (October 1, 2024 – November 17, 2025)" is **GRANTED**.  The reasonableness of this request was supported by the testimony and other evidence presented by Claimant, Claimant's post-award submission, the legal basis for Claimant's request, and the procedural history and record of this arbitration.  Claimant is awarded the amount of $323,609.50 in fees for this request.

10. Claimant's request for attorneys' fees in the period identified as "Hearing attendance and preparation on December 9, 2025" is **GRANTED**.  The reasonableness of this request was supported by the testimony and other evidence presented by Claimant, Claimant's post-award submission, the legal basis for Claimant's request, and the procedural history and record of this arbitration.  Claimant is awarded the amount of $42,975.00 in fees for this request.

### AWARD

After considering the pleadings, the testimony and evidence presented at the hearing, and any post-hearing submissions, the Panel has decided in full and final resolution of the issues submitted for determination as follows:

1.  Respondent is liable for and shall pay to Claimant the sum of $122,574.08 in compensatory damages.

2.  Respondent is liable for and shall pay to Claimant interest in the amount of $45,324.73 pursuant to the Promissory Notes, which have accrued on the outstanding balances beginning August 4, 2021, and running through December 9, 2025.

3.  Respondent is liable for and shall pay to Claimant interest on the above-stated sums at the rate of 9.0% per annum from the date of the Award through and including the date of payment of the Award.

4.  Respondent is liable for and shall pay to Claimant the sum of $640,305.90 in attorneys' fees pursuant to the terms of the Promissory Notes, the Representative Agreement, CAL CIV. CODE § 1707(a), and FINRA Rule 13212. This award of attorneys' fees includes and supersedes the $15,000 in monetary sanctions awarded in the Order on the First Sanctions Motion.

5.  Respondent is liable for and shall reimburse Claimant $13,300.00 for FINRA fees.

FINRA Dispute Resolution Services
Arbitration No.  23-03292
Award Page 5 of 6

6.  Respondent's Counterclaims were previously dismissed with prejudice pursuant to the Order dated November 17, 2025, on Claimant's Motion for Sanctions.

7.  Any and all claims for relief not specifically addressed herein, including any requests for punitive damages and treble damages, are denied.

## FEES

Pursuant to the Code, the following fees are assessed:

### Filing Fees
FINRA Dispute Resolution Services assessed a filing fee* for each claim:

| | | |
|---|---|---|
| Initial Claim Filing Fee | =$ | 2,125.00 |
| Counterclaim Filing Fee | =$ | 1,600.00 |

*The filing fee is made up of a non-refundable and a refundable portion.*

### Member Fees
Member fees are assessed to each member firm that is a party in these proceedings or to the member firm(s) that employed the associated person(s) at the time of the event(s) giving rise to the dispute. Accordingly, as a party, Claimant is assessed the following:

| | | |
|---|---|---|
| Member Surcharge | =$ | 1,700.00 |
| Member Process Fee | =$ | 3,850.00 |

### Hearing Session Fees and Assessments
The Panel has assessed hearing session fees for each session conducted. A session is any meeting between the parties and the Arbitrator(s), including a pre-hearing conference with the Arbitrator(s), which lasts four (4) hours or less. Fees associated with these proceedings are:

| | | | |
|---|---|---|---|
| Four (4) pre-hearing sessions with the Panel @ $1,125.00/session | | =$ | 4,500.00 |
| Pre-Hearing Conferences: April 11, 2024 | 1 session | | |
| March 5, 2025 | 1 session | | |
| June 20, 2025 | 1 session | | |
| October 31, 2025 | 1 session | | |
| | | | |
| Two (2) hearing sessions @ $1,125.00/session | | =$ | 2,250.00 |
| Hearing: December 9, 2025 | 2 sessions | | |
| Total Hearing Session Fees | | =$ | 6,750.00 |

The Panel has assessed $2,250.00 of the hearing session fees to Claimant.

The Panel has assessed $4,500.00 of the hearing session fees to Respondent.

All balances are payable to FINRA Dispute Resolution Services and are due upon receipt.

FINRA Dispute Resolution Services
Arbitration No.  23-03292
<u>Award Page 6 of 6</u>

## ARBITRATION PANEL

| | | |
|---|---|---|
| Denise Ereka Peterson | - | Public Arbitrator, Presiding Chairperson |
| Dawanna Jones | - | Public Arbitrator |
| Sylvia Ann Mayer | - | Non-Public Arbitrator |

I, the undersigned Arbitrator, do hereby affirm that I am the individual described herein and who executed this instrument, which is my award.

## Concurring Arbitrators' Signatures

*Denise Ereka Peterson*                                                   03/09/2026
_____                            _____
Denise Ereka Peterson                                                 Signature Date
Public Arbitrator, Presiding Chairperson


*Dawanna Jones*                                                            03/09/2026
_____                            _____
Dawanna Jones                                                            Signature Date
Public Arbitrator


*Sylvia Ann Mayer*                                                         03/09/2026
_____                            _____
Sylvia Ann Mayer                                                         Signature Date
Non-Public Arbitrator


Awards are rendered by independent arbitrators who are chosen by the parties to issue final, binding decisions. FINRA makes available an arbitration forum—pursuant to rules approved by the SEC—but has no part in deciding the award.


March 10, 2026
_____
Date of Service (For FINRA Dispute Resolution Services use only)

# EXHIBIT B

ELLYN J. CLEVENGER
ATTORNEY AT LAW

FINRA Dispute Resolution Services

March 5, 2025

RE:    LPL Financial, LLC v. Eileen Cure, No. 23-03292

(Request to reschedule conference)

Good afternoon:

I am writing to respectfully request that the conference scheduled for this afternoon be postponed for approximately two weeks.

Over the past several months, I have been managing significant personal and professional obligations. Due to a family medical emergency, I temporarily relocated to Washington State in April of last year. During my time there, I took a temporary position in indigent defense — permitted for out-of-state attorneys under Washington's regulations — and worked in that position from April 2024 through February 2025. Balancing those responsibilities alongside my personal family matters has been demanding.

I have recently returned to Texas and am now focused on catching up with and resolving pending matters. Specifically, I am in the process of locating replacement counsel for Ms. Cure in this case and anticipate the need to seek a 90-day abatement pending new counsel's enrollment. In the meantime, I am making every effort to familiarize myself with the details of this case and keep the panel and counsel informed about any outstanding issues.

Given these circumstances, I kindly request that this afternoon's conference be rescheduled for two weeks from now to allow me adequate time to prepare.

Thank you for your understanding and consideration. Please let me know if there are any alternative dates that will work. My schedule has become much more flexible, and I do not foresee a conflict with a proposed rescheduled date.

Sincerely,

Ellyn J. Clevenger

EJC/files
cc:     Counsel

(Electronic Portal Notification)

# EXHIBIT C

## BEFORE THE FINANCIAL INDUSTRY REGULATORY AUTHORITY

In the Matter of the Arbitration Between:     §
§
LPL FINANCIAL LLC,     §
§
*Claimant*,     §
§
vs.     §   FINRA Case No. 23-03292
§
EILEEN CURE,     §
§
*Respondent*.     §
§

## <u>ORDER</u>

On June 20, 2025, a pre-hearing conference was held before Chair Denise Peterson and Panelists Dawanna Jones and Sylvia Mayer to consider any motions that were pending as of May 30, 2025. Counsel for Claimant LPL Financial LLC ("**LPL**") appeared at the hearing; neither counsel for Respondent Eileen Cure ("**Cure**") nor the Respondent appeared.[1] After considering Claimant's Motion to Compel Discovery, Motion for Sanctions, and Motion for Earlier Hearing Date ("**Motion**"), the Panel rules as follows:

1.     Claimant's Motion to Compel Discovery is **GRANTED:**

(a)     Respondent is **ORDERED** to produce documents fully and without objection in response to Claimant's First Set of Requests for Documents to Respondent, served on March 6, 2025, **within ten (10) calendar days of the date of this Order**. *See* FINRA Rules 13507, 13508(b).

(b)     Respondent is **ORDERED** to produce documents fully and without objection in response to Claimant's Second Set of Requests for Documents to Respondent, served

---

[1] The June 20, 2025 pre-hearing conference was scheduled at the initial pre-hearing conference on March 6, 2025 (at which Respondent's counsel did not appear. Notice was properly sent to Respondent's counsel as per FINRA rules).

Docusign Envelope ID: 51C02D15-1A0B-4241-B7BC-0443F566B00B

on March 24, 2025, **within ten (10) calendar days of the date of this Order**. *See* FINRA Rules 13507, 13508(b).

2. Plaintiff is hereby notified that the failure to respond to this Order by promptly providing mandatory discovery may incur additional penalties, up to and including being barred from or restricted in the presentation of evidence at the final hearing. This Panel may also impose additional financial penalties.

3. Claimant's Motion for Sanctions is **GRANTED:**

(a) Respondent has failed to comply with FINRA Rules 13505 and 13507 by repeated failures to engage with Claimant's counsel, to respond to discovery requests, to respond to efforts by Claimant's counsel to confer, to appear at scheduled hearings, and to otherwise cooperate to expedite the arbitration.

In the initial pre-hearing conference order dated March 5, 2025, the Panel warned Respondent of the importance of timeliness and that this matter would not be postponed "absent extraordinary circumstances." The Panel also warned: "Parties seeking to substitute counsel be advised that the substitution of counsel is not sufficient cause to postpone the final hearing. Final hearing dates are firm, and absent extraordinary circumstances, shall not be altered." Further, the Panel confirmed that discovery responses are due within 60 days. Despite these warnings, Respondent has materially and intentionally failed to comply with the Panel's orders. Respondent is warned that failure to comply with this Order, or continued failure to engage in the arbitration process, may result in the Panel issuing an order dismissing with prejudice Respondent's counterclaims, as authorized by FINRA Rule 13212(c). Respondent's failure to comply with FINRA Rules 13505 and 13507 has caused Claimant to expend significant resources in attempting to confer with Respondent's counsel and preparing the Motion. After considering the evidence

Claimant submitted following the June 20, 2025 hearing regarding Claimant's attorney's fees and costs, pursuant to FINRA Rule 13212(a), the Panel sanctions Respondent and awards Claimant $15,000.00 as Claimant's **reasonable** attorney's fees and costs associated with Respondent's material and intentional failures to comply with FINRA Rules 13505 and 13507.

Respondent shall pay Claimant's $15,000.00 (fifteen thousand dollars) in reasonable attorney's fees and costs within 60 (sixty) days of the date of this Order. After the sixty day, interest shall accrue at the rate of 7.50% per annum until paid.

IT IS SO ORDERED:

DocuSigned by:

*Denise Peterson*

9E4264B03C2543B...

Denise Ereka Peterson
**ARBITRATOR**