# EXHIBIT 2

## BEFORE THE FINANCIAL INDUSTRY REGULATORY AUTHORITY

In the Matter of the Arbitration Between: §

LPL FINANCIAL LLC,

*Claimant*,

vs.

EILEEN CURE,

*Respondent*.

§
§
§
§
§
§   FINRA Case No. 23-03292
§
§
§
§
§

## PROPOSED FINAL AWARD

Awards are rendered by independent arbitrators who are chosen by the parties to issue final, binding decisions. FINRA makes available an arbitration forum—pursuant to rules approved by the SEC—but has no part in deciding the award.

Nature of the Dispute: Member vs. Associated Person

This case was decided by a majority-public panel.

The evidentiary hearing was conducted by videoconference.

## REPRESENTATION OF PARTIES

For Claimant LPL Financial LLC (**"Claimant"** or **"LPL"**): Ellen Sessions, Esq., Norton Rose Fulbright, Dallas, Texas; Ronald D. Smith, Esq., Norton Rose Fulbright, Dallas, Texas; and Todd D. Batson, Esq., Norton Rose Fulbright, Houston, Texas.

For Respondent Eileen Cure (**"Respondent"**): Ellyn J. Clevenger, Esq., Galveston, Texas.

## CASE INFORMATION

Statement of Claim filed on or about: November 15, 2023
Claimant signed the Submission Agreement: November 15, 2023

Statement of Answer and Counterclaims filed by Respondent on or about: January 17, 2024
Respondent signed the Submission Agreement: Claimant has not been able to locate a Submission Agreement executed by Respondent. Nonetheless, Respondent has answered and appeared in this proceeding, and is subject to the jurisdiction of FINRA and this Panel.

Statement of Answer to Counterclaims filed by Claimant on or about: February 6, 2024

## CASE SUMMARY

In the Statement of Claim, Claimant asserted the following cause of action: breach of promissory note agreements. Claimant alleged Respondent failed to repay the balance of the promissory notes when Respondent's registration with Claimant terminated. Claimant also sought attorneys' fees and costs related to the costs of enforcement.

Unless specifically admitted in the Statement of Answer and Counterclaims, Respondent denied the allegations made in the Statement of Claim, asserted various affirmative defenses, and asserted the following causes of action: breach of contract for Claimant's terminating Respondent's association for cause and without 30-days' notice; tortious interference with existing contractual relations by Claimant's interfering with Respondent's ability to transfer clients' business to a new firm; tortious interference with prospective economic advantage by Claimant's interfering with Respondent's ability to associate with a new firm or sell her business; defamation in connection with statements Claimant made in response to inquiries about Respondent's conduct; defamation in Claimant's description of the reason for Respondent's termination on her Form U5; and false light in connection with Claimant's statements responding to inquiries regarding Respondent's conduct and regarding the circumstances of Respondent's termination on her Form U5.

Unless specifically admitted in the Statement of Answer to Counterclaims, Claimant denied the allegations made in the Counterclaims and asserted various affirmative defenses.

## RELIEF REQUESTED

In the Statement of Claim, Claimant requested the outstanding principal balance due under the promissory notes at termination in the amount of $122,574; interest accruing on the balances due under the promissory notes at the default rate of nine percent (9%) per annum; all costs of collection including attorneys' fees as agreed to under the terms of the promissory notes; and any other relief that the Panel deems just and proper.

In the Statement of Answer and Counterclaims, Respondent requested that the Panel award damages for lost past and future income; award damages for injury to Respondent's reputation; award general, special, compensatory, and punitive damages; order the expungement of Claimant's termination disclosure contained in Respondent's Form U5 based on the alleged inaccurate, misleading, erroneous and defamatory nature of the information; award reasonable and necessary attorneys' fees and costs; award pre- and post-judgment interest; and any other legal and equitable relief that the Panel deems just and proper.

In the Statement of Answer to the Counterclaims, Claimant requested that the Panel dismiss the Counterclaims in their entirety. Claimant also reiterated its request that the Panel award Claimant its reasonable attorneys' fees as the prevailing party under its agreements with Respondent and to the extent permitted by relevant law.

At the hearing, Claimant requested compensatory damages in the amount of $122,574.08; interest in the amount of $48,661.91; post-award interest at the rate of 9% per annum; attorneys' fees in the amount of $2,040,211.01; and assessment of all FINRA hearing fees against Respondent.

## OTHER ISSUES CONSIDERED AND DECIDED

The Arbitrators acknowledge that they have each read the pleadings and other materials filed by the parties.

On December 14, 2023, Respondent filed a notice of appearance of its attorney of record using FINRA's Dispute Resolution Portal (the **"DR Portal"**): Ellyn J. Clevenger, Esq., 1115 Moody Avenue, Galveston, Texas 77550, ellynclevenger@gmail.com. Throughout these arbitration proceedings, Respondent has been provided with appropriate notice under FINRA rules for all hearings, opportunities to respond to motions, and deadlines. Indeed, Respondent has used the DR Portal to serve pleadings and other correspondence in these arbitration proceedings.

On April 11, 2024, counsel for Claimant and Respondent appeared before the Panel for an initial prehearing conference (**"IPHC"**). At the time, Claimant was appealing a federal district court decision, which had granted in part and denied in part Claimant's motion to compel claims by Respondent and two of Respondent's outside businesses to arbitration before FINRA, to the United States Court of Appeals for the Fifth Circuit (**"Fifth Circuit"**). The Parties asked the Panel to hold these arbitration proceedings in abeyance pending receipt of the decision of the Fifth Circuit. The Parties agreed to report the decision of the Fifth Circuit within three business days after release.

On October 3, 2024, Claimant reported the decision of the Fifth Circuit to the Panel. The Fifth Circuit reversed the district court's denial of Claimant's motion to compel arbitration of the claims by Respondent's two outside businesses. The Fifth Circuit remanded the case back to the district court "to enter an order compelling arbitration and staying this action in accordance with Section 3 of the FAA."

On October 31, 2024, Claimant requested a second IPHC. Despite multiple scheduling requests, Respondent failed to respond. The Panel issued an order compelling responses from all parties regarding scheduling on January 6, 2025.

The second IPHC was held on March 5, 2025. Respondent failed to appear or provide a timely notice of non-appearance. Instead, approximately one hour before the second IPHC was scheduled to begin, Respondent's counsel submitted a letter using the DR Portal asking that the second IPHC be adjourned for two weeks. The Panel denied Respondent's motion as untimely.

On March 6, 2025, the Panel issued a IPHC Scheduling Order (**"Scheduling Order"**). In the Scheduling Order, the panel warned of the importance of timeliness and that this matter would not be postponed "absent extraordinary circumstances." The Panel also warned: "Parties seeking to substitute counsel be advised that the substitution of counsel is not sufficient cause to postpone the final hearing. Final hearing dates are firm, and absent extraordinary circumstances, shall not be altered." The Panel also confirmed that discovery responses were due within 60 days.

On May 29, 2025, Claimant filed a Motion to Compel Discovery, Motion for Sanctions, and Motion for Earlier Hearing Date (**"First Sanctions Motion"**). Claimant alleged that Respondent had failed to respond to two separate sets of document requests or produce a single document in these arbitration proceedings. Respondent did not file a response.

PROPOSED FINAL AWARD                                                                                          PAGE | 3

On June 20, 2025, a pre-hearing conference was held before the Panel as scheduled in the Scheduling Order to consider any motions that were pending as of May 30, 2025. Counsel for Claimant appeared at the hearing; neither Respondent nor Respondent's counsel appeared. At the hearing the Panel considered the First Sanctions Motion.

On July 9, 2025, the Panel issued a written decision on the First Sanctions Motion. In the decision, the Panel ordered Respondent to produce documents fully and without objection in response to Claimant's document requests within ten days of the order—i.e., by July 21, 2025. The Panel also found that Respondent had failed to comply with FINRA Rules 13505 and 13507 by repeated failures to engage with Claimant's counsel, to respond to discovery requests, to respond to efforts by Claimant's counsel to confer, to appear at scheduled hearings, and to otherwise cooperate to expedite the arbitration. The Panel awarded Claimant $15,000 in monetary sanctions for Respondent's material and intentional failure to comply with FINRA Rules 13505 and 13507, with interest beginning to accrue sixty days after the order—i.e., September 8, 2025[1]—at the rate of 7.50% per annum until paid. The Panel warned Respondent that failure to comply with the order, or continued failure to engage in the arbitration process, may result in the Panel issuing an order dismissing with prejudice Respondents counterclaims, as authorized by FINRA Rule 13212(c). As of the hearing, Respondent had not paid the $15,000 monetary sanction.

The deadline to serve discovery requests under the Scheduling Order was July 17, 2025. Respondent failed to produce any documents, in violation of FINRA rules and the Panel's order on the First Sanctions Motion, which limited Claimant only to those documents produced in the underlying federal case.

On July 23, 2025, after Respondent failed to produce any documents or comply with the order on the First Sanctions Motion, Claimant filed a Second Motion for Sanctions (**"Second Sanctions Motion"**). Respondent did not file a response.

On October 28, 2025, a pre-hearing conference on discovery was held before the Panel to resolve all discovery matters in advance of the final hearing. Counsel for Claimant appeared at the hearing; neither Respondent nor Respondent's counsel appeared. At the hearing, the Panel considered the Second Sanctions Motion.

On November 17, 2025, this Panel dismissed Respondent's counterclaims with prejudice pursuant to FINRA Rule 13212(c) due to Respondent's material and intentional failure to comply with the Panel's orders despite prior warnings and sanctions. This Panel also precluded Respondent from presenting evidence at the final hearing pursuant to FINRA Rule 13212(a) other than evidence which was produced during the underlying federal case. The Panel deferred Claimant's request for additional monetary sanctions until conclusion of the evidentiary hearing.

Respondent's failure to produce any documents in response to Claimant's document requests has prejudiced Claimant, as Claimant was unable to propound additional discovery requests, including to third parties, based on documentation Respondent should have produced well before the deadline to serve additional discovery requests.

---

[1] Sixty days from the date of the order on the First Sanctions Motion was Sunday, September 7, 2025. Pursuant to FINRA Rule 9138(b), that date carried over to Monday, September 8, 2025.

Neither Respondent nor Respondent's counsel appeared at the evidentiary hearing. Upon review of the file, the Panel determined that Respondent received due notice of the hearing and that arbitration of the matter would proceed without Respondent present, in accordance with FINRA Rule 13603.

Respondent's only appearance in this proceeding was at the initial IPHC. The last communication from the Respondent was on March 5, 2025, requesting an untimely rescheduling of the second IPHC through the DR Portal.

The Award in this matter may be executed in counterpart copies.

## <u>AWARD</u>

After considering the pleadings, the testimony and evidence presented at the hearing, and any post-hearing submissions, the Panel has decided in full and final resolution of the issues submitted for determination as follows:

1.  Respondent is liable for and shall pay to Claimant the sum of $122,574.08 in compensatory damages.

2.  Respondent is liable for and shall pay to Claimant interest in the amount of $45,324.73 pursuant to the promissory notes, which has accrued on the outstanding balances beginning August 4, 2021 and running through December 9, 2025.

3.  Respondent is liable for and shall pay to Claimant interest on the above-stated sums at the rate of 9.0% per annum from the date of the Award through and including the date of payment of the Award.

4.  Respondent is liable for and shall pay to Claimant the sum of $2,040,211.01 in attorneys' fees pursuant to the terms of the promissory notes, the Representative Agreement between Claimant and Respondent, CAL CIV. CODE § 1707(a), and FINRA Rule 13212. This award of attorneys' fees includes and supersedes the $15,000 in monetary sanctions awarded in the order on the First Sanctions Motion.

5.  Respondent is liable for and shall reimburse Claimant $13,300.00 for FINRA fees,

6.  Respondents' Counterclaims are dismissed with prejudice.

7.  Any and all claims for relief not specifically addressed herein are denied.

## <u>ARBITRATOR'S COMMENTS</u>

Despite having due notice of the evidentiary hearing, neither Respondent nor Respondent's counsel appeared at the evidentiary hearing. Claimant chose to present testimony and evidence. Claimant's presentation established that Claimant terminated Respondent for cause after Respondent interviewed an African American woman for an open position at one of her companies and wrote a Skype message to her office manager stating, in part: "i specifically said no blacks." .

PROPOSED FINAL AWARD                                                                    PAGE | 5

The evidence demonstrated that an employee of Respondent's business provided the Skype message to the person who posted it on social media with no assistance from Claimant. Claimant played the viral social media video that publicized Respondent's Skype message.

Once Claimant learned of the video and Skype message, it conducted an investigation. Claimant also informed Respondent that Respondent was being investigated pursuant to the standards of conduct required by the Representative Agreement and LPL's Code of Conduct. Respondent admitted to drafting the Skype message. The Skype message shows that Respondent intentionally decided not to consider any black candidate for an open position and had previously informed her staff of her decision.

Claimant further established that after it terminated Respondent for cause as Respondent's conduct fell short of the standards required by the Representative Agreement she executed and the incorporated terms of the LPL Code of Conduct. Further, Claimant provided Respondent with access to client information through the end of the week of termination to allow Respondent additional time to access client data and move her business elsewhere.

Following Respondent's termination, Claimant was required to file a Form U5 with FINRA concerning the termination, which required Claimant to state a reason for termination. Claimant established that its counsel discussed the language it would provide as the reason for termination directly with Respondent's counsel, who agreed the language "should issue."

Claimant also established that in response to Respondent's statement "going viral," Claimant instructed employees to make limited, truthful statements in response to internal requests for information and refer external requests to LPL's Public Relations Department. Claimant communicated truthfully, advised Respondent's clients to contact Respondent about transferring their accounts to a new firm, and made no effort to take or appropriate Respondent's business.

## FEES

Pursuant to the Code, the following fees are assessed:

### Filing Fees
FINRA Dispute Resolution Services assessed a filing fee* for each claim:

| | | |
|---|---|---|
| Initial Claim Non-Refundable Filing Fee | =$ | 1,000.00 |

*The filing fee is made up of a non-refundable and a refundable portion.*

### Member Fees
Member fees are assessed to each member firm that is a party in these proceedings or to the member firm that employed the associated person at the time of the events giving rise to the dispute. Accordingly, as a party, Claimant LPL Financial LLC was assessed the following:

| | | |
|---|---|---|
| Member Surcharge | =$ | 1,700.00 |
| Member Process Fee | =$ | 3,250.00 |

PROPOSED FINAL AWARD                                                                 PAGE | 6

**Discovery-Related Motion Fees**
Fees apply for each decision rendered on a discovery-related motion.

Discovery Motion/Subpoena (May 29, 2025)                    =$      600.00

**Hearing Session Fees and Assessments**
The Panel has assessed hearing session fees for each session conducted. A session is any meeting between the parties and the arbitrators, including a pre-hearing conference with the arbitrators, that lasts four (4) hours or less. Fees associated with these proceedings are:

Four (4) Pre-hearing sessions with the Panel at $1,125.00/session     =$      4,500.00
Pre-hearing conferences:        April 11, 2024          1 session
                                March 5, 2025           1 session
                                June 20, 2025           1 session
                                October 31, 2025        1 session

One (1) Hearing sessions with the Panel at $2,250.00/session     =$      2,250.00
Hearing Dates:                  December 9, 2025     1 session

_____
Total Hearing Session Fees                              =$      6,750.00

The Panel has assessed $0.00 of the FINRA fees to Claimant.

The Panel has assessed $13,300.00 of the FINRA fees to Respondent.

All balances are payable to FINRA Dispute Resolution Services and are due upon receipt.

**ARBITRATION PANEL**

| | | |
|---|---|---|
| Denise E. Peterson | - | Public Arbitrator, Presiding Chairperson |
| Dawanna Jones | - | Public Arbitrator |
| Sylvia A. Mayer | - | Non-Public Arbitrator |

I, the undersigned Arbitrator, do hereby affirm that I am the individual described herein and who executed this instrument, which is my award.

**Concurring Arbitrators' Signatures**

_____
Denise E. Peterson
Public Arbitrator, Presiding Chairperson

_____
Signature Date

_____
Dawanna Jones
Public Arbitrator

_____
Signature Date

_____
Sylvia A. Mayer
Non-Public Arbitrator

_____
Signature Date

_____
Date of Service (For FINRA Dispute Resolution Services use only)

PROPOSED FINAL AWARD                                                    PAGE | 8