United States District Court
Southern District of Texas

**ENTERED**
July 30, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| LPL FINANCIAL LLC, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-26-2120 |
| | § | |
| EILEEN LAW CURE, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND OPINION**

LPL Financial LLC petitions to confirm an $821,504.71 arbitral award consisting of $122,574.08 in compensatory damages; $45,324.73 in interest; $640,305.90 in attorneys' fees; and $13,300 in arbitration fees.  (Docket Entry No. 1).  Eileen Law Cure moves to vacate, modify, or correct the attorney-fee portion of the award.  (Docket Entry No. 18).  Based on the pleadings, the record, the motion, the responses, and the replies, the applicable law, and with the benefit of oral argument, the court grants LPL's petition to confirm the arbitral award, (Docket Entry No. 1), and denies Cure's motion to vacate or correct the award, (Docket Entry No. 18).

LPL is a broker-dealer and member firm of the Financial Industry Regulatory Authority ("FINRA").  (Docket Entry No. 1 ¶ 7).  Cure is a licensed investment advisor and certified public accountant.  *Cure & Assocs., P.C. v. LPL Fin. LLC*, 118 F.4th 663, 666 (5th Cir. 2024).  Cure was an independent contractor who worked as a registered representative with LPL from 2018 to 2021. (Docket Entry No. 1 ¶ 7).  When Cure was associated with LPL, the parties "entered into two promissory notes dated December 19, 2018 and July 30, 2019."  (*Id.*).  Under the Notes, if their relationship ended before repayment, the "balance would become due and payable immediately." (*Id.*).  Each Note "contained an agreement to arbitrate under the FINRA Rules."  (*Id.*).  Cure also

executed a Uniform Application for Securities Industry Regulation or Transfer ("Form U4") and a Representative Agreement, both of which contained agreements to arbitrate under the FINRA Rules. (*Id.*). Both the Promissory Notes and the Representative Agreement contained provisions awarding attorneys' fees in litigation arising under those documents. (*See* Docket Entry No. 22-2 at 3; Docket Entry No. 2-14 § 7(B)); *see also* CAL. CIV. CODE § 1717(a).

LPL terminated its relationship with Cure because her internal communications "reflected potentially racially discriminatory hiring/interviewing preferences contrary to [LPL] standards of conduct." *Cure & Assocs.*, 118 F.4th at 667. Litigation ensued, and the Fifth Circuit compelled arbitration. *See id.* at 671. During the arbitration proceedings, Cure and her counsel failed to appear at several hearings, including the main evidentiary hearing scheduled in December 2025. (*See* Docket Entry No. 1 ¶¶ 19–22). LPL secured a $15,000 sanctions award for Cure's failure to respond to LPL's discovery requests, in violation of FINRA Rules 13505 and 13507. (*Id.* ¶ 20). The arbitral panel ultimately ruled in LPL's favor, finding that Cure "failed to repay the Promissory Notes and is wholly in breach of those Promissory Notes in the amount of $122,574.00." (Docket Entry No. 2-1 at 4). The panel awarded interest, arbitration fees, and attorneys' fees. (*See id.* at 4–5). In awarding attorneys' fees, the panel stated:

> Respondent is liable for and shall pay to Claimant the sum of $640,305.90 in attorneys' fees pursuant to the terms of the Promissory Notes, the Representative Agreement, CAL. CIV. CODE § 1707(a), and FINRA Rule 13212. This award of attorneys' fees includes and supersedes the $15,000 in monetary sanctions awarded in the Order on the First Sanctions Motion.

(*Id.* at 5).

The panel departed substantially from LPL's request for approximately $2 million in attorneys' fees. (Docket Entry No. 18 at 5). LPL's fee request was based on extensive federal litigation. Cure sued LPL for $150 million in damages in the United States District Court for the

Eastern District of Texas, including $85 million in damages for her personal claims and those of her business entity, Premier Wealth & Retirement Management, and $65 million in damages for claims on behalf of her accounting firm, Cure & Associates. *Cure & Assocs., P.C. v. LPL Fin. LLC*, No. 1:22-CV-00311, ECF No. 1 at 24 (E.D. Tex. Aug. 4, 2022); (*see* Docket Entry No. 22-2 ¶ 7). Cure also resisted arbitration, litigating the issue through a Fifth Circuit ruling. *See Cure & Assocs.*, 118 F.4th at 665–66.

After prevailing in arbitration, LPL filed this petition to confirm the arbitral award. (Docket Entry No. 1). Cure moved to vacate, modify, or correct the attorney-fee portion of the award. (Docket Entry No. 18). Cure argues that the fee award is flawed because it "relies upon multiple sources of authority and combines multiple forms of relief into a single undifferentiated figure." (Docket Entry No. 18 at 6). Cure emphasizes that Section 1707(a) "does not even exist." (*Id.*). Cure argues that because there are "flaws" in the attorney-fee award and the explanation for the amount awarded, the court cannot simply assume that the flaw was harmless. (*See id.* at 9–10). Cure argues that the "resulting uncertainty prevents meaningful review and warrants vacatur, modification, correction, or, at minimum, clarification of the legal basis supporting the award." (*Id.* at 10).

The FAA "authorizes a party to an arbitration agreement to seek several kinds of assistance from a federal court." *Badgerow v. Walters*, 596 U.S. 1, 4 (2022). "[A]fter an arbitral award has issued, federal courts may confirm, vacate, or modify such an award under § 9, § 10, or § 11." *Jules v. Andre Balazs Props.*, 146 S. Ct. 1209, 1215 (2026). "Under § 9, a court must confirm an award upon request 'unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11.'" *Id.* (quoting 9 U.S.C. § 9). Cure cannot prevail under Sections 10 or 11.

3

First, Cure cannot state a claim for relief under Section 10 of the FAA.  That section provides four grounds for vacating an arbitration award: (1) the award was procured by corruption, fraud, or undue means; (2) there was evident partiality or corruption in the arbitrators, or either of them; (3) the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.  *See* 9 U.S.C. § 10.  The grounds are "exclusive."  *Citigroup Glob. Mkts., Inc. v. Bacon*, 562 F.3d 349, 352 (5th Cir. 2009) (quoting *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581 (2008));

Cure does not allege corruption, fraud, undue means, or other misbehavior, such as refusing to hear evidence or argument on certain issues.  Cure's arguments that the panel issued an unclear and erroneous ruling require the court to hold that the panel "exceeded [its] powers within the meaning of 9 U.S.C. § 10(a)(4)."  *Jones v. Michaels Stores, Inc.*, 991 F.3d 614, 616 (5th Cir. 2021) (quoting *McKool Smith, P.C. v. Curtis Int'l, Ltd.*, 650 F. App'x 208, 212 (5th Cir. 2016) (per curiam)); *see DynaColor, Inc. v. Razberi Techs., Inc.*, 795 F. App'x 261, 264 (5th Cir. 2020) (per curiam) (doubting whether a manifest disregard for the law is a basis for vacating an arbitral award).  Arbitrators exceed their power when they "act contrary to express contractual provisions." *Rain CII Carbon, LLC v. ConocoPhillips Co.*, 674 F.3d 469, 472 (5th Cir. 2012).  Courts may vacate "an award that ignores a plain contractual limitation on the authority of an arbitrator." *Diverse Enters., Ltd. Co., L.L.C. v. Beyond Int'l, Inc.*, 827 F. App'x 422, 424 (5th Cir. 2020) (per curiam).  Court must sustain a fee award if the result is "rationally inferable from the contract,"

4

such as when the parties' contract authorizes arbitrators to award reasonable attorneys' fees to the prevailing party. *Id.* at 425 (quoting *Glover v. IBP, Inc.*, 334 F.3d 471, 474–75 (5th Cir. 2003)).

The Promissory Notes and Representative Agreement authorized LPL to collect "reasonable attorney's fees" incurred to enforce its rights under the Notes and the Agreement. (*See* Docket Entry No. 22-2 at 3; Docket Entry No. 2-14 § 7(B)). FINRA Rule 13212, which the Promissory Notes and Agreement incorporate, *see Cure & Assocs.*, 118 F.4th at 666–67, allows arbitrators to assess "attorneys' fees, costs and expenses" as sanctions.

Because the panel awarded fees under the Notes and Agreement and as a sanction under the FINRA rules, the panel's fee award ruling for LPL is "inferable from the contract." *Diverse Enters.*, 827 F. App'x at 425 (quoting *Glover*, 334 F.3d at 474–75). This court must confirm it. This court cannot second-guess or substitute its judgment for the panel's decision that $640,305.90 was a reasonable amount, inclusive of the $15,000 sanction award, "because that determination was within the power of the arbitration panel." *Id.* at 425 n.4.

Cure's arguments about the erroneous citation to Section 1707 do not change the result. Although Section 1707 does not exist, Section 1717 does. It provides that a court may award attorneys' fees to any prevailing party if the contract provides at least one party to the agreement has the right to seek attorneys' fees. *See* CAL. CIV. CODE § 1717(a). The mis-citation is an immaterial typographical error that, under the benefit of the "doubt" that courts must give arbitrators, does not justify vacatur. *See UBS Fin. Servs., Inc. of Puerto Rico v. Efron*, No. 23-13879, 2025 WL 1833578, at *7 (11th Cir. July 3, 2025) (per curiam) ("[A] simple formulaic error in the award is better addressed by modifying it rather than vacating it under 9 U.S.C. § 10(a)."); *see also Brook v. Peak Int'l, Ltd.*, 294 F.3d 668, 672 (5th Cir. 2002) ("A reviewing court examining whether arbitrators exceeded their powers must resolve all doubts in favor of arbitration.").

Cure's argument that the arbitrators erred in issuing an aggregate fee award also fails. "Arbitrators need not give reasons for their awards." *Sarofim v. Tr. Co. Of The W.*, 440 F.3d 213, 218 (5th Cir. 2006) (quoting *Brabham v. A.G. Edwards & Sons Inc.*, 376 F.3d 377, 385 (5th Cir. 2004)). Even "an ambiguity in reasoning generally will not disturb their awards." *Ball Metal Beverage Container Corp. v. Loc. 129, United Auto., Aerospace, & Agric. Implement Workers of Am.*, No. 21-10755, 2022 WL 340573, at *7 (5th Cir. Feb. 4, 2022) (per curiam). The panel concluded, at a minimum, that the total fee award was reasonable and justified by the combination of authorities it cited. Because the court can "discern a possible rationale from the arbitrator's actions," the "decision 'must stand.'" *Commc'ns Workers of Am. v. Sw. Bell Tel. Co.*, 953 F.3d 822, 828 (5th Cir. 2020) (quoting *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 569 (2013)).

Second, Cure cannot state a claim for relief under Section 11. That Section permits courts to "make an order modifying or correcting the award" when there is (a) "an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award," (b) "the arbitrators have awarded upon a matter not submitted to them," or (c) "the award is imperfect in matter of form not affecting the merits of the controversy" and the modification or correction would "effect the intent thereof and promote justice between the parties." 9 U.S.C. § 11.

None of the grounds are present here. Cure does not argue that the panel calculated the awarded fees incorrectly. Cure instead contends that the panel relied on a nonexistent legal authority and that knowledge of that error might cause the panel to issue a different award. Cure does not raise the sort of "unambiguous and undisputed mistake of fact" necessary for relief under Section 11(a). *Gonzalez v. Mayhill Behav. Health, LLC*, No. CV 4:21-MC-00188, 2022 WL 1185889, at *5 (E.D. Tex. Apr. 21, 2022) (quoting *McShane v. PilePro Steel, LP*, No. 1:16-CV-

964, 2017 WL 1399703, at *7 (W.D. Tex. Apr. 19, 2017)).  LPL requested fees from the panel, (Docket Entry Nos. 22-2, 22-3), precluding relief under Section 11(b).  And because Section 11(c) applies to immaterial scrivener's errors, *Grain*, 551 F.3d at 379, Cure cannot rely on it to modify the amount of fees award to LPL, *cf. UBS*, 2025 WL 1833578, at *7.  Section 11 does justify the relief Cure seeks.

Because Cure cannot show that the award should be "vacated, modified, or corrected as prescribed in sections 10 and 11," the "court must confirm" LPL's "award."  *Jules*, 146 S. Ct. at 1215 (quoting 9 U.S.C. § 9).  LPL's petition to confirm the arbitration award, (Docket Entry No. 1), is granted.  Cure's motion to vacate or correct the award, (Docket Entry No. 18), is denied. LPL must submit a proposed final judgment for the court to enter by August 7, 2026.

SIGNED on July 29, 2026, at Houston, Texas.

Lee H. Rosenthal
Senior United States District Judge